**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY HILL, | ) | No. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | MAGISTRATE |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | |
| OFFICERS M. FIGUEROA, Star No. 18366, | ) | |
| J. ADAMS, Star No. 8156, A. IXCOT, Star No. | ) | |
| 19930  C. MADISON Star No. 7248, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Jeremy Hill ("Jeremy" or "Plaintiff"), by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants City of Chicago ("City" or Defendant City"), M. Figueroa, Star No. 18366, A. Ixcot, Star No. 19930, and J. Adams, Star No. 8156, C. Madison, Star No. 7248, and Unknown Chicago Police Officers ("Officers" or "Defendants"), states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for federal and state malicious prosecution.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3.      Plaintiff, Jeremy Hill ("Jeremy" or "Plaintiff") is a citizen of the United States of America, who currently resides in Cook County, IL.

4.      Defendants Officers M. Figueroa, A. Ixcot, J. Adams, C. Madison, and Unknown Chicago Police Officers ("Defendants" or "Officers"), were at the time of this occurrence duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

5.      Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State law claim.

## BACKGROUND

6.      On the evening of August 10, 2023, Jeremy Hill was in a parked car when Defendant Officer approached him in the area of 6500 S. Marshfield St., Chicago, Illinois.

7.      Police vehicles pulled up to the area.

8.      The officers who arrived included Defendant Officers M. Figuero, A. Ixcot, J. Adams and C. Madison.

9.      Defendant Officer Figueroa approached Mr. Hill who was in the driver's seat.

10.     Mr. Hill had the keys to the vehicle and had permission to be in the vehicle.

11.     Defendant Figeroa asked for Mr. Hill's driver's license.

12.     Mr. Hill had a valid license

2

13. Defendant Figeroa ordered Mr. Hill out of the car.

14. Figeroa handcuffed Mr. Hill.

15. Without permission Defendant Figeroa searched Mr. Hill.

16. Mr. Hill had nothing illegal in his possession.

17. Without permission, Defendant officer Figueroa then searched the vehicle including an illegal search of the trunk.

18. Defendant Officer Figueroa found a pair of pants in the trunk, and when he unwrapped the pants, he found a gun.

19. Mr. Hill was never in possession of the gun.

20. The Defendant Officers learned that the vehicle was registered to an individual other than Mr. Hill.

21. Defendant Officer Madison together with other Unknown Chicago Police Officers threw Mr. Hill to the ground causing his head to hit the ground.

22. Defendants charged Mr. Hill with knowingly possessing on his person, upon a public street/alley/or other public lands, a loaded pistol.

23. Defendant Figueroa signed the complaint for aggravated unlawful use of a weapon.

24. As a result of Defendants' unlawful actions, Mr. Hill was held in Cook County Jail from August 10, 2023, until May 13, 2024.

25. On May 13, 2024, all charges were was *nolle prossequi'd* before the Honorable Cook County Judge Timothy J. Joyce.

3

26.     As a result of Defendants unconstitutional actions, Plaintiff suffered damages, including but not limited to pain and suffering, emotional injury, loss of freedom, and financial loss.

## COUNT I – 42 U.S.C. § 1983
### False Arrest, Illegal Search, and Seizure

27.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28.     The willful, wanton and unreasonable arrest of the Plaintiff; caused and/or performed by all Defendants, as detailed above, was in violation of plaintiff's right to be free of unreasonable searches and seizure and false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983. 26.

29.     As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

30.     As a result of the Defendant' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered injury including but not limited to, emotional injury, loss of freedom, and financial loss.

## COUNT II – 42 U.S.C. § 1983
### Excessive Force

31.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

32.     The actions of Defendant Ixcot and other unknown Defendants, as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

33.     As a result of the Defendant Officer's misconduct described in this Count, Plaintiff suffered injury including but not limited to pain and suffering, emotional injury, loss of

freedom, and financial loss.

## COUNT III – 42 U.S.C. § 1983
### Malicious Prosecution

34.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35.     As more fully stated above, Defendants caused criminal proceedings against Mr. Hill to be commenced with malice, for reasons other than bringing him to justice, and without having probable cause to commence a prosecution.

36.      Plaintiff was deprived of liberty until he was able to bond out of custody.

37.     The case was terminated in Plaintiff's favor by *nolle prosequi*.

38.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered injury, including but not limited to emotional injury, loss of freedom, and financial loss.

## COUNT IV – STATE LAW CLAIM
### Malicious Prosecution

39.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40.     As more fully stated above, Defendant Officers caused criminal proceedings against Plaintiff to be commenced with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which she had been charged.

41.     Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence which fully and finally terminated the case in Plaintiff's favor.

42.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damage, including but not limited to emotional injury, loss of freedom, and financial loss.

## COUNT V – STATE LAW CLAIM
### Indemnification – City of Chicago - 745 ILCS 10/9-102

43.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

44.     At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

45.     The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## COUNT VI – STATE LAW CLAIM
### Respondeat Superior

46.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

48.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, including those allowable under federal law and for such other and additional relief as this court deems equitable and just.

6

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
One of Plaintiff's Attorneys

Christopher R. Smith
Christopher Smith Trial Group, LLC
53 W. Jackson, Suite 856
Chicago, IL 60604
312.432.0400